IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY BARIAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-591-GPM |
| | ) |
| LISA J. W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Zachary Barian brings this action pro se pursuant to 28 U.S.C. § 2241. Currently Barian is serving a sentence of 360 months' imprisonment in the custody of the Federal Bureau of Prisons ("BOP") for the offense of conspiracy to distribute cocaine and cocaine base. It appears from Barian's Section 2241 petition and the exhibits attached thereto that on January 29, 2009, while Barian was confined at the United States Penitentiary in Marion, Illinois ("USP Marion"), Barian was placed in administrative detention pending an investigation of a charge that he had violated BOP regulations by assaulting another inmate of USP Marion. The following day, Barian received an incident report regarding the assault. A hearing was held before the Unit Disciplinary Committee ("UDC") on February 2, 2009. At the UDC hearing Barian pled not guilty to the disciplinary charge against him. The UDC referred the matter to a disciplinary hearing officer ("DHO") for a decision. The UDC recommended disciplinary segregation and loss of good conduct time, as well as 180 days' loss of commissary and telephone privileges. On March 13, 2009, the DHO held a hearing. At the hearing, Barian had a staff representative. Barian was advised of his rights before the DHO, but he

elected to call no witnesses or to present any evidence in his own behalf, save for his plea of not guilty to the disciplinary charge against him.

The DHO found that Barian had committed the assault as charged. The DHO considered Barian's statement that he was not guilty. However, the DHO also considered the written statement of the correctional officer who reported the assault that he had personally witnessed Barian and two other inmates beat and kick a fellow inmate, and that Barian and his accomplices ignored several orders to stop until other correctional officers arrived at the scene. The DHO also considered a medical report concerning the injuries sustained by the victim of the assault. The DHO revoked twenty-seven days of good conduct time, imposed thirty days of disciplinary segregation, and suspended Barian's telephone, commissary, and visitation privileges for 180 days. Barian received a copy of the DHO's report on April 20, 2009. This report also informed Barian of his appeal rights. Barian filed a Regional Administrative Remedy Appeal from the DHO's decision, complaining that the decision was erroneous because the DHO failed to set off against Barian's disciplinary segregation sentence the time that Barian spent in administrative detention while the disciplinary charge against him was being investigated. Barian complained also that the 180 days' suspension of his telephone, commissary, and visitation privileges was excessively harsh. On June 20, 2009, Barian's appeal was denied. Barian then appealed to the BOP general counsel, which denied the appeal on November 3, 2009. Thereafter, Barian filed this action to challenge the DHO's sentence. Named as Respondent is Lisa J. W. Hollingsworth, the warden of USP Marion.[1]

---

1.  The Court notes that, shortly after the filing of this action, Barian was transferred from USP Marion to a prison outside this judicial district, the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin"), where, the BOP's online inmate locator system confirms, Barian currently remains confined. Usually, a prisoner's immediate custodian is the only proper respondent to a petition under 28 U.S.C. § 2241. *See al- Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004). The

In the instant case, Barian claims that his right to due process under the Fifth Amendment has been violated because, prior to being sentenced by the DHO to thirty days' disciplinary segregation, he was required to spend approximately six weeks in administrative detention; Barian contends that, in light of the time he spent in administrative detention, he should have been sentenced to time served.  Additionally, Barian argues that his right to due process has been violated by the suspension of his telephone, commissary, and visitation privileges for 180 days, a sentence that is, Barian complains, inconsistent with the recommendation of the UDC as to his punishment. Barian challenges his disciplinary sentence pursuant to 28 U.S.C. § 2241.  Under that statute, "[w]rits of habeas corpus may be granted by . . . the district courts[.]" 28 U.S.C. § 2241(a).  Pursuant to the Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration of a petition for a writ of habeas corpus by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Court can apply this rule to other habeas corpus cases.  *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254.  After carefully reviewing Barian's petition, the Court concludes that Barian is not entitled to relief and that his petition must be dismissed.

---

fact that Barian has been transferred outside this district does not affect the Court's jurisdiction, given that when Barian filed his petition in this case Hollingsworth, his custodian at the time, was within this district.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 440 (2004) (citing *Ex parte Mitsuye Endo*, 323 U.S. 283, 306 (1944)).  The Court merely notes that the warden of FCI Pekin now is Barian's immediate custodian.  However, inasmuch as the parties have not sought to substitute the warden of FCI Pekin as the respondent in the case, the Court will not concern itself further with this point.  *See Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005) (indicating that the government should have made the "appropriate substitution" when a prisoner with a habeas corpus petition pending in this Court was transferred out of this district).

The Court begins its analysis by setting out a few well-established propositions. The Fifth Amendment prohibits the federal government from depriving a person of life, liberty, or property without due process of law. *See Caldwell v. Miller*, 790 F.2d 589, 602 (7th Cir. 1986). To prevail on a claim of a violation of the right to due process, a prisoner must show that he or she possesses a protected liberty or property interest and has been deprived of that interest without due process. *See Dandan v. Ashcroft*, 339 F.3d 567, 575 (7th Cir. 2003). *See also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (prisoners, to prevail on claims of a violation of their right to due process under the Fourteenth Amendment, must show that they have a liberty interest and have been deprived of that interest without due process).[2] A prisoner has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Seventh Circuit interprets the atypical and significant hardship standard to mean that a federal prisoner asserting a violation of due process in

---

2. The Court is aware that the Fourteenth Amendment does not apply to federal actors. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Committee*, 483 U.S. 522, 542 n.21 (1987). However, the Fifth Amendment and the Fourteenth Amendment typically are construed in pari materia. *See, e.g., Bowles v. Willingham*, 321 U.S. 503, 518 (1944) (noting that "the restraints imposed on the national government . . . by the Fifth Amendment are no greater than those imposed on the States by the Fourteenth."). *See also Bolling v. Sharpe*, 347 U.S. 497, 499-500 (1954) (although, unlike the Fourteenth Amendment, the Fifth Amendment contains no express guarantee of equal protection of the laws, conduct by a federal actor that constitutes a violation of Fourteenth Amendment equal protection is deemed to violate due process under the Fifth Amendment, for where the Constitution prohibits a denial of equal protection by a state actor, "it would be unthinkable that the same Constitution would impose a lesser duty on the Federal Government."). All of which is a roundabout way of saying that, in this Order, the Court has relied upon cases interpreting due process in the context both of the Fifth Amendment and the Fourteenth Amendment.

connection with a placement of the prisoner in segregated confinement must show that the his or her conditions of confinement are as harsh as those in disciplinary segregation in the most secure prison in the BOP system. *See Rodriguez-Cabrera v. Lappin*, Civil No. 09-637-GPM, 2010 WL 996425, at **1-2 (S.D. Ill. Mar. 16, 2010) (citing *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997)). Also, in general, "inmates have no liberty interest in avoiding transfer to discretionary segregation – that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

When the loss of good-time credit is a possible sanction for an infraction of prison discipline, a prisoner must receive the following procedural safeguards in connection with prison disciplinary proceedings in order to satisfy the requirements of due process: "'(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). In addition, "fundamental due process requires that [a] prison disciplinary decision be justified by 'some evidence' in the record." *Sanchez v. Miller*, 792 F.2d 694, 705 (7th Cir. 1986) (Swygert, J., dissenting) (quoting *Hill*, 472 U.S. at 455). "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." *McPherson*, 188 F.3d at 786 (citing *Hill*, 472 U.S. at 457). "In reviewing a decision for 'some evidence,' courts 'are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision . . . has some factual basis.'" *Id*. (quoting *Hill*, 472 U.S.

at 455-56).  Finally, in general, prisoners have no due process liberty interest in visitation, commissary, and telephone privileges.  *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997); *Franklin v. Godinez*, No. 07 C 5752, 2010 WL 3210696, at *4 (N.D. Ill. Aug. 12, 2010) (citing *Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir. 1988)).

In light of the foregoing principles, the disposition of Barian's habeas corpus petition is simple.  With respect to Barian's complaint concerning the time he was required to spend in administrative detention at USP Marion, as noted Barian has no due process liberty interest in avoiding discretionary segregation, nor do the facts alleged in Barian's petition suggest that the conditions of confinement during the six weeks that Barian spent in administrative detention at USP Marion imposed atypical and significant hardship on him.  With respect to Barian's complaint about the suspension of his telephone, commissary, and visitation privileges, the record shows that, prior to the imposition of Barian's disciplinary sentence, Barian:  received advance notice in writing of the disciplinary charge against him; was given an opportunity to defend himself against the charge by presenting evidence and calling witnesses (but, as noted, elected not to do so); and received a written statement of the evidence relied upon by the DHO and the reasons for the disciplinary action taken against Barian.  Also, the DHO's findings are supported by some evidence.  The sole evidence for Barian's innocence was Barian's plea of not guilty, which, as noted, the DHO considered.  However, the DHO found as more credible the eyewitness account of the officer who reported Barian's infraction that he saw Barian, in the company of accomplices, assault another inmate, together with the medical report concerning the injuries suffered by the victim of the assault.  The Court cannot conclude that the record is "so devoid of evidence that the findings of the [DHO]

were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quoting *Hill*, 472 U.S. at 457).  *See also Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989) (in the context of prison disciplinary proceedings, once the court finds reliable evidence of a prisoner's guilt, "its inquiry ends – it should not look further to see whether other evidence in the record may have suggested an opposite conclusion.").  Finally, as discussed, Barian has no due process liberty interest in his telephone, commissary, and visitation privileges, nor does the Court consider suspension of those privileges for 180 days to be an atypical and significant hardship, particularly in light of the seriousness of the disciplinary infraction of which Barian was found guilty (and which nowhere in his petition does Barian deny having committed).  The Court concludes that Barian's allegations of violations of his right to due process are meritless, not to say frivolous.  Therefore, Barian's petition is due to be dismissed.

As a final matter, the Court notes that occasionally a case involving an insufficient petition for habeas corpus relief is recast as a civil-rights action, and vice versa, a practice that the Seventh Circuit Court of Appeals discourages.  *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).  The Court sees no reason to convert this case to a civil action for damages brought pursuant to the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), given that, for the reasons discussed, Barian's petition asserts no cognizable claims for violations of his civil rights.  Also, there is an additional reason why any such *Bivens* action would be a non-starter.  In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under 42 U.S.C. § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence

has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* rule "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). The *Heck* rule extends to *Bivens* actions. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Additionally, the *Heck* rule extends to procedural due process claims arising out of prison disciplinary hearings, if those claims necessarily call into question sentences imposed by prison authorities for infractions of prison discipline. *See, e.g., Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996) (a claim for damages that necessarily questions the sentence of a prison disciplinary committee is barred by *Heck*); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996) (a prisoner's Section 1983 claim against prison officials for alleged violations of the prisoner's procedural due process rights in placing him in segregation was *Heck*- barred). Here, of course, the sentence imposed on Barian by the DHO has not been vacated, and therefore any claim by Barian for damages based upon the sentence clearly would be barred by *Heck*.

To conclude, the Court finds that the petition in this case does not withstand preliminary consideration, and therefore this action is hereby **DISMISSED with prejudice**. Barian's motion for an order directing the BOP to return his property (Doc. 4) is **DENIED as moot**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 1, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge